# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHARLES E. PITTS                                                        PLAINTIFF

V.                          NO. 4:18CV00728 BSM-JTR

ANDREW SAUL,
Commissioner of Social Security Administration[1]              DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Charles E. Pitts ("Pitts"), applied for disability benefits on June 6, 2016, alleging disability beginning on June 15, 2014.[2] (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 18). The Appeals Council denied Pitts' request for review. (Tr. at 1). Thus, the ALJ's

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] At the hearing, Pitts amended his alleged onset date to December 5, 2014. (Tr. at 11).

decision now stands as the final decision of the Commissioner. Pitts has filed a Complaint seeking judicial review.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. **The Commissioner's Decision:**

The ALJ found that Pitts had not engaged in substantial gainful activity since his alleged onset date of December 5, 2014. (Tr. at 14). At Step Two, the ALJ found that Pitts has the following severe impairments: disorder of the back and gluteal bursitis bilaterally. *Id.*

After finding that Pitts' impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Pitts had the residual functional capacity ("RFC") to perform the full range of light work, except that he could only occasionally climb ladders, ramps, stairs, ropes, or scaffolds, and could only occasionally balance, stoop, kneel, crouch, or crawl. (Tr. at 15).

Based on Pitts' RFC and testimony from a Vocational Expert ("VE"), the ALJ concluded that Pitts was able to perform his past work of wastewater treatment plant operator or wastewater treatment plan instructor. (Tr. at 17). Thus, the ALJ held that Pitts was not disabled. *Id*.

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Pitts' Arguments on Appeal

Pitts contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ erred by: (1) failing to find, at Step 2, that Pitts's mental impairments were severe and not conducting the Psychiatric Review Technique ("PRT"); (2) not fully developing the record; (3) failing to properly analyze Pitts' subjective complaints; and (4) arriving at an RFC that did not incorporate all of Pitts' limitations. After reviewing the record as a whole, the Court concludes that none of Pitts's arguments have merit.

Pitts claims that the ALJ should have found depression and PTSD to be severe impairments at Step Two. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 456 F.3d 890, 894 (8th Cir. 2006). Pitts did not allege mental impairments on his application paperwork. (Tr. at 244). *See Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(in affirming ALJ's finding of no mental impairment, the court noted that claimant did not allege mental impairment on the application for benefits).

The record contains counseling treatment records which show that, at approximately 25 therapy sessions in 2016 and 2017, Pitts was making progress and had a good prognosis. (Tr. at 514-577). At only one visit did he show mental

deterioration, which the provider classified as normal, given that Pitts' ex-wife had just passed away. (Tr. at 523). Pitts said that counseling was helping with depression. (Tr. at 477). He did not require inpatient hospitalization. The medical evidence does not reveal severe mental impairments.

According to Pitts, the ALJ should have conducted a PRT in making his Step Two determination. The PRT rates a claimant's degree of functional mental limitation in four broad areas: understanding, remembering, and applying information; interaction with others; concentrating, persisting and maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a. The PRT is used to assess the severity of a claimant's impairment at Step Two. *Id.* Even when an ALJ does not conduct a PRT or rely on any physician at any prior levels of appeal to conduct one, as the ALJ did in this case, it may still constitute harmless error. *Cuthrell v. Astrue*, 702 F.3d 1114, 1117-8 (8th Cir. 2013). Specifically, the Eighth Circuit has found harmless error in an ALJ's failure to assess a PRT where there is no credible evidence of a severe mental impairment. *See Nielson v. Barnhart*, 88 F. Appx. 145, 147 (8th Cir. 2004); *Cakora v. Barnhart*, 67 F. Appx. 983, 985 (8th Cir. 2003) (per curiam). Because the medical evidence failed to demonstrate that Pitts's mental conditions are severe, the ALJ was not required to complete a PRT.

Pitts also contends that the ALJ failed to fully develop the record. An ALJ has

a duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability, and the ALJ is not obligated to act as counsel for a party. *Id*. Claimant's representative has an affirmative duty to obtain and supply the information necessary to support his client's claim of disability. 20 C.F.R. §§ 404.1540(b), 416.940(b). The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

Pitts certainly had back pain that was borne out by the medical records. MRI and x-rays showed mild to moderate problems, but without nerve impingement. (Tr. at 360, 387). He had disc degeneration at L4-L5 and L5-S1, protrusion, and annular tears. (Tr. at 333). Pitts said that physical therapy had not helped with pain. (Tr. at 333). However, after having fusion surgery in 2015, Pitts was healing well and said he was getting better. (Tr. at 362-368). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). He consistently had negative straight-leg raises. (Tr. at 315, 336). In July 2016, his doctor noted that he responded well to epidural steroid injections and that his pain was under good control. (Tr. at 407). Cervical and lumbar x-rays, in

6

July 2017, were generally unremarkable. (Tr. at 468). As of June 2017, Pitts was working. (Tr. at 481). An ability to work with an impairment shows that the impairment is not disabling. *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). He told his doctor, in September 2017, that he was making progress and was ready to return to sports activities. (Tr. at 605). Pitts admitted to the ALJ at the hearing that he wanted to play in an alumni football game, which he later attended. (Tr. at 57).

Pitts had knee surgery in 2017, but said after surgery that he was doing much better and not using crutches. (Tr. at 601). Pitts' positive response to both of his surgeries undermines his allegations.

The ALJ discussed the state-agency medical opinions and assigned an RFC for light work. The ALJ also pointed to the treatment notes from multiple treating physicians to support his RFC determination. The record contained enough evidence, none of which was in conflict, for the ALJ to make a decision about disability. He did not fail in his duty to develop the record.

The ALJ also properly assessed Pitts' subjective complaints. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and it incorporates the familiar factors that have long

7

been in place prior to its effective date. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). The ALJ is not required to discuss methodically each of the *Polaski* factors, as long as he makes it clear he considered those factors before discounting the claimant's subjective complaints. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000).

In the opinion, the ALJ discussed Pitts' alleged levels of pain, his positive response to medication, and his doctors' suggestion he could return to full activity. (Tr. at 17). He also weighed Pitts' subjective complaints against the medical evidence. He cited to the state-agency reviewing doctors' reports, which called for a light RFC with postural limitations. *Id.* Accordingly, the Court concludes that the ALJ did not err in his evaluation of Pitts's subjective complaints.

The ALJ also formulated an RFC that incorporated all of Pitts' limitations. Pitts' improvement with treatment and his doctors' recommendation to return to full activity showed that he was capable of light work with some postural limitations.

8

## IV. Conclusion:

Substantial evidence supported the Commissioner's decision that Pitts was not disabled. The ALJ did not err at Step Two, he properly considered all of the evidence and Pitts' subjective complaints, and the record was fully developed.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 3rd day of September, 2019.

*[signature: J. Thomas Ray]*

_____
UNITED STATES MAGISTRATE JUDGE